IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ISAIAH CANDELARIO<br>1830 East 29th Street<br>Lorain, Ohio 44055<br><br>　　　　Plaintiff,<br><br>　v.<br><br>LORAIN COUNTY VENDING, INC.<br>d/b/a Rowland Lawn Care<br>c/o Statutory Agent<br>William M. Rowland<br>1921 N. Ridge Road E<br>Lorain, Ohio 44055<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.<br><br>JUDGE:<br><br><br><br>**COMPLAINT FOR<br>VIOLATIONS OF THE FAIR<br>LABOR STANDARDS ACT<br>AND THE OHIO MINIMUM<br>FAIR WAGE ACT AND<br>DAMAGES**<br><br>**(Jury Demand Endorsed Hereon)** |

Plaintiff Isaiah Candelario by and through undersigned counsel, as his Complaint against Defendant, states and avers the following:

**PARTIES**

1. Candelario is a resident of the city of Lorain, county of Lorain, in the state of Ohio.

2. Lorain County Vending, Inc. d/b/a Rowland Lawn Care ("Rowland Lawn Care") is a domestic corporation, with its principal place of business in Lorain County, at 1921 N. Ridge Road, Lorain, Ohio 44055.

3. Rowland Lawn Care conducts business in the state of Ohio including operating a lawn care business in and around Lorain County, Ohio.

4. Rowland Lawn Care is and, at all times hereinafter mentioned, was an enterprise within the meaning of section 3(r) of the Fair Labor Standards Act.

5. During all times material to this Complaint, Rowland Lawn Care was an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d); an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r); and an enterprise engaged in commerce or in the

production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1) and R.C. § 4111.03(D).

6. Candelario was at all times material to this complaint an employee who engaged in commerce or in the production of goods for commerce.

7. During all times material to this Complaint, Candelario provided maintenance services to businesses engaged in interstate commerce or in the production of good for commerce and as such is a non-exempt employee covered under the Fair Labor Standards Act.

8. During all times material to this Complaint, Candelario resold goods that were procured through interstate commerce.

9. During all times material to this Complaint, Rowland was a business engaged in interstate commerce by purchasing and providing to clients products manufactured and sold out of state, including fertilizer, and using equipment manufactured and sold out of state including lawn and garden tools and motorized equipment.

10. Defendant William M. Rowland is a resident of the city of Lorain, Lorain County, State of Ohio.

11. Rowland is and, at all times hereinafter mentioned was, an individual who was the Owner of Rowland Lawn Care, and who acted directly or indirectly in the interest of Rowland Lawn Care in relation to its employees, and is an employer within the meaning of section 3(d) of the Fair Labor Standards Act.

12. During all times material to this Complaint, Plaintiff was an "employee" of Rowland Lawn Care within the meaning of 29 U.S.C. § 203(d) and O.R.C. § 4111.03(D).

**JURISDICTION & VENUE**

13. This Court has federal question jurisdiction over this action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

The Employee's Attorney.™ 

14. This Court has personal jurisdiction over Rowland Lawn Care because Rowland Lawn Care is a for-profit corporation that conducts business in this District, and at all times material to the allegations contained herein, Defendant Rowland Lawn Care conducted business in this District and had sufficient minimum contacts within this District.

15. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's Ohio Wage Law claims, because those claims derive from a common nucleus of operative fact.

16. This Court has supplemental jurisdiction over Candelario's state law claims pursuant to 28 U.S.C. § 1367 as Candelario's state law claims are so closely related to his federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

17. All material events alleged in this Complaint occurred in Lorain County.

18. Venue is proper in this forum pursuant to 28 U.S.C. § 1391, because at all times relevant hereto, Defendants are and have been responsible for the acts alleged herein, all of the practices complained of herein occurred in this District, and Defendants have received substantial compensation as a result of doing business in this District.

## FACTS

19. Candelario is a former employee of the Defendants.

20. On or around July 6, 2015, Candelario began working for Rowland Lawn Care at the Cleveland Marriott.

21. At the time immediately preceding his termination from Rowland Lawn Care, Candelario was employed as a laborer.

22. As a laborer, Candelario was a full time, hourly, non-exempt employee.

23. As a laborer, Candelario was regularly scheduled to work at least 40 hours per week.

The Employee's Attorney.™ 

24. As a laborer, Candelario was required to work overtime hours in addition to his regularly scheduled 40 hours per week.

25. Candelario regularly worked between 1 and 25 hours of overtime per week.

26. When Candelario worked overtime hours, Defendants paid him in cash at his regular rate of pay, $12.20 per hour ("Cash Payments for Overtime Hours").

27. As a result of receiving the Cash Payments for Overtime Hours, Defendants failed to compensate Candelario at one and one half times his or her regular rate of pay for any hours worked over 40 in a workweek.

28. When Candelario worked overtime hours, Defendants saved the hours and moved them to different pay periods when Candelario could not work 40 hours per week ("Banked Overtime Hours").

29. As a result of the Banked Overtime Hours, Defendants failed to compensate Candelario at one and one half times his or her regular rate of pay for any hours worked over 40 in a workweek.

30. Defendants knew that the Cash Payments for Overtime Hours violated overtime obligations imposed by the FLSA.

31. Defendants knew that the Banked Overtime Hours violated overtime obligations imposed by the FLSA.

32. Defendants knew that hourly non-exempt employees were supposed to be paid at one and one half times his or her regular rate of pay for any hours worked over 40 in a workweek.

33. In violating the FLSA, Defendants acted intentionally and willfully, and recklessly.

34. In violating the FLSA, Defendants acted in disregard of clearly applicable FLSA provisions.

35. In violating the FLSA, Defendants acted without a good faith basis in forcing non-exempt employees, like Candelario, to work overtime hours without being compensated in a lawful manner.



36. Candelario made several complaints during his employment to Defendants regarding the failure to properly pay his overtime compensation.

37. Candelario was terminated on June 23, 2017.

38. Rowland made the decision to terminate Candelario's employment.

39. Candelario was terminated, in part, because he complained about being improperly compensated for his overtime hours.

40. As a result of Defendants' discrimination against Candelario, he suffered severe emotional distress.

41. As a result of being terminated unlawfully, Candelario has suffered severe emotional distress.

## COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT

42. Plaintiff restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

43. At all times hereinafter mentioned, Rowland Lawn Care was a single enterprise within the meaning of section 3(r) of the FLSA.

44. At all times hereinafter mentioned, Candelario is an individual covered under the FLSA as a result of his engaging in commerce by purchasing and providing to clients products manufactured and sold out of state, including fertilizer, and using equipment manufactured and sold out of state including lawn and garden tools and motorized equipment.

45. During all times material to this complaint, Plaintiff was not exempt from receiving overtime and/or minimum wage under the FLSA because, inter alia, he was not an "executive," "computer," "administrative," or "professional" employee, as those terms are defined under the FLSA. See 29 C.F.R. §§ 541.0, et seq.

The Employee's Attorney.™ 

46. During all times material to this Complaint, Rowland Lawn Care violated the FLSA with respect to the Plaintiff by, *inter alia*, failing to compensate him at time-and-one-half times his regular rate of pay for any hours worked in excess of forty (40) hours per workweek.

47. During all times material to this complaint, Rowland Lawn Care knew that Plaintiff was not exempt from the minimum wage and overtime obligations imposed by the FLSA.

48. During all times material to this complaint, Rowland Lawn Care knew of the requirement to pay Plaintiff at least the applicable minimum wage, plus overtime compensation at a rate of one and one-half his regular rate for hours worked in excess of forty (40) hours per workweek.

49. Rowland Lawn Care willfully withheld and failed to pay overtime compensation to which Plaintiff was entitled.

50. In violating the FLSA, Rowland Lawn Care acted willfully, without a good faith basis and in reckless disregard of clearly applicable FLSA provisions.

51. As a direct and proximate cause of Rowland Lawn Care's conduct, pursuant to 29 U.S.C. § 216(b), Rowland Lawn Care is liable to Plaintiff and those similarly situated for the full amount of the required minimum wage rate, an additional equal amount as liquidated damages as well as costs and reasonable attorney fees.

## COUNT II: VIOLATION OF THE OHIO WAGE ACT

52. Candelario restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

53. The Ohio Wage Act requires that covered employees be compensated for every hour worked in a workweek. *See* O.R.C. §§ 4111.01, *et seq*.

54. During all times material to this Complaint, Plaintiff was a covered employee entitled to individual protection of the Ohio Wage Act.



55. During all times material to this Complaint, Rowland Lawn Care was a covered employer required to comply with the Ohio Wage Act's mandates.

56. Candelario worked over forty hours per workweek during his employment with Rowland Lawn Care.

57. Rowland Lawn Care did not pay Candelario overtime wages for hours worked over forty per workweek.

58. Pursuant to Ohio Rev. Code § 4111.03(A), an employer must pay a non-exempt employee for overtime at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of 40 hours in one workweek.

59. Candelario was a non-exempt employee for purposes of Ohio Rev. Code § 4111.03(A).

60. As a direct and proximate result of Rowland Lawn Care's failure to pay Candelario his lawfully earned overtime wages, Candelario suffered damages.

61. Rowland Lawn Care acted willfully, without a good faith basis and with reckless disregard in violating O.R.C. §§ 4111.01, *et seq*.

62. Rowland Lawn Care acted in bad faith in violating O.R.C. §§ 4111.01, *et seq*.

63. As a direct and proximate result of Rowland Lawn Care's failure to pay Candelario his lawfully earned overtime wages, pursuant to Ohio Rev. Code § 4111.10(A), Rowland Lawn Care is liable to Candelario for the full amount of the overtime wage rate, as well as for costs and reasonable attorneys' fees as may be allowed by the Court.

### COUNT III: UNLAWFUL RETALIATION BASED ON PROTECTED WAGE COMPLAINTS.

64. Candelario restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

65. Throughout his employment, Candelario made complaints to Defendants regarding their failure to pay him overtime compensation.

The Employee's Attorney.™

66. Throughout his employment, Candelario made complaints to Defendants regarding their failure to pay him his earned hourly wages at the proper rate of pay.

67. Following Candelario' complaints, Defendants terminated him on June 23, 2017.

68. Pursuant to 29 U.S.C. § 215, no employer shall discharge or in any other manner discriminate against any employee because the employee has made any complaint to the employee's employer, or to the director, that the employee has not been paid wages in accordance with the overtime compensation provisions of 29 U.S.C. § 201 *et seq.*

69. Defendants' act of terminating Candelario from his employment constituted retaliatory discharge in violation of 29 U.S.C. § 215.

70. As a direct and proximate cause of Defendants' retaliatory conduct, Candelario suffered and will continue to suffer damages.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff Isaiah Candelario respectfully requests that this Honorable Court grant the following relief:

(a) Awarding to Plaintiff unpaid wages as to be determined at trial together with any liquidated damages allowed by FLSA;

(b) Awarding Plaintiff costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

(c) An award of reasonable attorneys' fees and non-taxable costs for Candelario's claims as allowable under law;

(d) An award of the taxable costs of this action;

(e) For a judgment against Defendants for all damage, relief, or any other recovery whatsoever; and

(f) An award of such other relief as this Court may deem necessary and proper.

The Employee's Attorney.™ 

Respectfully submitted,


*/s/ Tiffany Fischbach*
Tiffany Fischbach (0083348)
**THE SPITZ LAW FIRM, LLC**
25200 Chagrin Boulevard, Suite 200
Beachwood, Ohio 44122
Phone: (216) 291-4744
Fax:     (216) 291-5744
Email: Tiffany.Fischbach@spitzlawfirm.com


*Attorneys for Plaintiff Isaiah Candelario*



## JURY DEMAND

Plaintiff Isaiah Candelario demands a trial by jury by the maximum number of jurors permitted.

*/s/ Tiffany Fischbach* _____
Tiffany Fischbach (0083348)
**THE SPITZ LAW FIRM, LLC**

