## CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE

THIS CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE (hereinafter "Agreement and Release") is effective the 28th day of Febuary 2018, by and between Lorain County Vending, Inc., doing business as Rowland Lawn Care, which together with its related, affiliated, associated and parent companies, predecessors, successors and assigns and their officers, directors, agents, attorneys and employees, is referred to herein as "the Employer," and Isaiah Candelario, who referred to herein as "Plaintiff."

### RECITALS

WHEREAS, Plaintiff filed a lawsuit in the United States District Court for the Northern District of Ohio captioned *Isaiah Candelario v. Lorain County Vending. Inc.*, which is pending as Case No. 17-CV-01488 (hereinafter "the Lawsuit");

WHEREAS, the Employer and Plaintiff have reached an agreement in full and final settlement of all claims which were asserted in the Lawsuit, including but not limited to Plaintiff's claims under the Fair Labor Standards Act and Ohio's Minimum Fair Wage Standards Act;

WHEREAS, Plaintiff has agreed to dismiss said Lawsuit with prejudice; and

WHEREAS, Plaintiff and the Employer desire to reduce their agreement to writing;

NOW THEREFORE, in consideration of the mutual agreements hereinafter contained, being good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Plaintiffs and the Employer agree as follows:

1. **Settlement Payment.** As and for Settlement Payment, the Employer agrees to pay to Plaintiff and his attorneys, The Spitz Law Firm, LLC the total sum of FIVE THOUSAND EIGHT HUNDRED TWENTY-FIVE DOLLARS AND NO CENTS ($5,825.00). The

Settlement Payment is accepted by Plaintiffs as full and final settlement and satisfaction of all claims that were or could have been asserted in the Lawsuit with respect to Plaintiffs' employment with the Employer, including but not limited to any claims for minimum wage, overtime pay, liquidated damages and any claims for attorney's fees. The parties further agree that each party will bear its own costs, including but not limited to its own attorney. The Settlement Payment shall be delivered to Plaintiffs' attorneys, The Spitz Law Firm, LLC, and allocated as follows:

  i. One check made out to Isaiah Candelario in the amount of $1,498.50 for alleged unpaid wages. Candelario will be issued an IRS form W2 in connection with this payment.

  ii. One check made out to Isaiah Candelario in the amount of $1,498.50 for alleged liquidated damages. Candelario will be issued an IRS form 1099 in connection with this payment.

  iii. One check made out to The Spitz Law Firm, LLC in the amount of $2,828.00 for Plaintiff's attorneys fees and costs.

2. **Income Taxes.** Should the Internal Revenue Service or any state or local governmental taxing authority determine that any portion of the 1099 payment to Plaintiff constitutes taxable income to Plaintiff, Plaintiff agrees to indemnify and hold the Employer harmless from any and all injuries, damages, penalties, costs, expenses or liability incurred as a result of any and all claims, demands, or causes of action which may hereafter be asserted against the Employer for failure to make any withholding of taxes.

3. **Mutual Release and Hold Harmless.** In consideration for the payments, promises and other benefits being provided hereunder, the adequacy of which Plaintiff specifically acknowledges, Plaintiff -- on behalf of himself and his heirs, successors and assigns -- does hereby voluntarily, irrevocably and unconditionally release, hold harmless, acquit and forever

discharge the Employer from (i) any and all possible claims, issues, charges, complaints, demands, damages, lawsuits and/or causes of action, known or unknown, and of whatever kind or nature, related to the failure to pay all wages due, arising under the Fair Labor Standards Acts, the Ohio Constitution, or any other state laws or statute concerning the payment of wages and/or overtime. Plaintiff also specifically releases Rowland Enterprises from any and all possible claims, issues, charges, complaints, demands, damages, lawsuits and/or causes of action, known or unknown, and of whatever kind or nature, related to the failure to pay all wages due, arising under the Fair Labor Standards Acts, the Ohio Constitution, or any other state laws or statute concerning the payment of wages and/or overtime.

Employer releases Plaintiff from (a) any and all possible claims, issues, charges, complaints, demands, damages, lawsuits and/or causes of action, known or unknown, and of whatever kind or nature, which arose on or before the effective date of this Agreement, (b) any claims arising out of this Action, and (c) any and all claims arising out of, or in any way related to Plaintiffs' employment and/or separation from employment.

4. **Confidentiality, Non-Disparagement and Neutral Reference.** Plaintiff agrees to keep confidential the terms of the Agreement and agrees that he will not disclose or discuss the terms of this Agreement to or with any other person except his spouse, attorney, or accountant/tax preparer. Notwithstanding these provisions, Plaintiff may disclose the terms of this Agreement as required to do so in seeking the Court's approval of this Agreement or under similar court order.

Plaintiff also agrees not to make or utter any disparaging remarks about the Employer, including disparaging remarks about individuals associated with the Employer, public or private

comments, statements and/or communications which in any way disparage or reflect negatively on the Employer or any individuals associated with the Employer.

Employer agrees that its owners, officers, executives and management will not make or utter any disparaging remarks about Plaintiff, including public or private comments, statements and/or communications which in any way disparage or reflect negatively on Plaintiff. The Employer will also provide a neutral reference for Plaintiff, indicating only his job title and dates of employment. No other information concerning Plaintiff shall be provided, whether in response to an inquiry or voluntarily.

5. **Applicable Law.** This Agreement and Release shall be governed by, interpreted under and enforced in accordance with the laws of the State of Ohio.

6. **Entirety of Agreement.** This Agreement and Release contains the entire agreement between the parties hereto with respect to the subject matter hereof. It supersedes all prior discussions, negotiations and agreements with respect to Plaintiff's employment with the Employer, and may not be modified, except in a writing signed by the parties affected thereby.

7. **Joint Construction.** This Agreement and Release has been drafted jointly and there shall be no presumption of construction against any party. The parties agree that the language of all parts of this Agreement and Release shall in all cases be construed as a whole, according to the fair meaning, and not strictly for or against any party.

8. **Severability.** If any term, condition, clause or provision of this Agreement and Release shall be determined by a court of competent jurisdiction to be void or invalid at law, then only that term, condition, clause or provision as is determined to be void or invalid shall be stricken from this Agreement and Release and this Agreement and Release shall remain in full force and effect in all other respects.

9. **Acknowledgment.** By entering into this Agreement and Release, and in connection with the release of any and all claims as set forth in Paragraph 3, the parties acknowledge, agree and represent that:

(a) They have entered into this Agreement and Release in order to avoid the substantial costs, inconvenience and uncertainties of litigation. The execution of this Agreement and Release shall not constitute any admission by the Employer that it has violated any federal, state or local statute, ordinance, rule, regulation or common law, or that any of Plaintiff's claims had any merit whatsoever. No part of this Agreement and Release, nor any actions of the Employer in settling this matter shall be considered, constitute, or be cited as an admission by the Employer of any wrongful conduct or violation of law or of any act alleged by Plaintiff;

(b) No promise or inducement has been offered to Plaintiff except as set forth herein;

(c) This Agreement and Release is being executed by Plaintiff and the Employer without reliance upon any statements by the other or their representatives concerning the nature or extent of any claims or damages or legal liability therefor;

(d) This Agreement and Release has been written in understandable language, and all provisions hereof are understood by Plaintiff and the Employer;

(e) Plaintiff and the Employer have consulted with attorneys of their own choosing prior to executing this Agreement and Release; and

(f) The parties have executed this Agreement and Release of their own free will.

10. **Consultation with counsel:**

THE PARTIES ACKNOWLEDGE THAT THEY HAVE CONSULTED WITH, AND BEEN ADVISED BY, AN ATTORNEY OF THEIR CHOICE BEFORE EXECUTING THIS AGREEMENT AND RELEASE. THE PARTIES FURTHER ACKNOWLEDGE THAT THEY HAVE BEEN AFFORDED THE OPPORTUNITY TO CONSIDER THIS AGREEMENT AND RELEASE FOR A REASONABLE PERIOD OF TIME, THAT THEY HAVE CAREFULLY READ IT, THAT THEY COMPLETELY UNDERSTAND ITS CONTENTS, THAT THEIR ATTORNEY HAS EXPLAINED ALL OF ITS CONTENTS AND RAMIFICATIONS TO THEM, AND THAT THEY HAVE EXECUTED IT OF THEIR OWN FREE WILL, ACT AND

DEED WITHOUT COERCION AND WITH FULL KNOWLEDGE OF THE NATURE AND CONSEQUENCES THEREOF.

11. **Counterparts.** This Agreement may be executed in counterparts, each of which shall be deemed an original, and both of which together shall constitute one and the same instrument, and a party's execution and delivery of this Agreement may be evidenced by facsimile or electronic mail transmission.

In Witness Whereof, Isaiah Candelario and Lorain County Vending, Inc. have freely, voluntarily and knowingly executed this Agreement and Release as of the day and year first written above.

_____
Isaiah Candelario

2-28-18
Date

_____
LORAIN COUNTY VENDING, INC.
BY: William Rowland
ITS: Pres.

3-1-18
Date